```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

JOHN A. BROWN,

                  Plaintiff,

                                            CIVIL ACTION
      vs.                                      No. 05-3158-GTV

PRISON HEALTH SERVICES, et al.,

                  Defendants.

## ORDER

    Plaintiff, an inmate incarcerated at El Dorado Correctional Facility in El Dorado, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. 1983. By an order dated April 11, 2005, the court granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. 1915, and dismissed the complaint as stating no claim for relief. Before the court is plaintiff's motion for reconsideration (Doc. 6), motion to appoint counsel (Doc. 7, motion for order (Doc. 8), and notice of appeal (Doc. 9).

    Plaintiff's motion for reconsideration is construed as a motion to alter and amend judgment, filed pursuant to Fed.R.Civ.P. 59(e). See Van Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991)(distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), cert. denied 506 U.S. 828 (1992). Relief under Fed.R.Civ.P. 59(e) is appropriate where: (1) the court has made a manifest error of fact or law; (2) there is newly discovered evidence; or (3) there has been a change in the law.

Renfro v. City of Emporia, Kan., 732 F.Supp. 1116, 1117 (D.Kan. 1990), aff'd, 948 F.2d 1529 (10th Cir. 1991).

The court dismissed the complaint, finding plaintiff's allegations of being administered the wrong medication for six months demonstrated at most medical malpractice or negligence that did not state an actionable claim under 42 U.S.C. 1983. In his motion to alter and amend that judgment, plaintiff more strenuously argues his allegations are sufficient to state a claim of deliberate indifference to his diabetes, a serious medical need.

The court has considered plaintiff's argument and finds no showing has been made that would entitle plaintiff to relief under Fed.R.Civ.P. 59(e). The facts presented by plaintiff fully demonstrate that he was given medication for six months until a physician responding to plaintiff's medical problems determined the medication being administered contained the same active drug as a previous medication that had been given to plaintiff with adverse effect. Corrective action was promptly taken in response to this discovery. Although plaintiff's medical record expressly barred the earlier medication from again being administered, plaintiff acknowledges the new medication he received for six months had a different brand name. While it could be argued that medical staff may have been negligent in not recognizing the two medications had the same active drug, no deliberate indifference of constitutional significance is stated by these facts. Plaintiff's motion to alter and amend judgment is denied. Plaintiff's motion for an order requiring defendants to file a

response to plaintiff's complaint is denied.

Plaintiff's motion for appointment of counsel is denied. The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). Having considered plaintiff's ability to present his claims, the court finds appointment of counsel is not warranted in this action.

Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $255.00 fee in his appeal. If granted leave to proceed in forma pauperis on appeal, plaintiff is entitled to pay this appellate filing fee over time, as provided by payment of an initial partial appellate filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1), and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to satisfy plaintiff's obligation to pay the district court filing fee in this matter, the court grants plaintiff leave to proceed in forma pauperis on appeal without payment of an initial partial appellate filing fee. Once this district court fee obligation has been satisfied, payment of the full appellate filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to alter and amend judgment (Doc. 6), motion for appointment of counsel (Doc. 7, and motion for a court order (Doc. 8) are denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to

proceed in forma pauperis on appeal.

The clerk of the court is directed to transmit copies of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of May 2005.

<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States District Judge